NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**30163**
**12-NOV-2010**
**09:46 AM**

NO. 30163

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
EVAN Y. TANAKA, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1498)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Evan Y. Tanaka (Tanaka) appeals from the October 6, 2009 Judgment of Conviction and Sentence (judgment) of the Circuit Court of the First Circuit (circuit court)[1] convicting him of the offense of Forgery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-852 (Supp. 2009).[2] The case arises from Tanaka's attempt to cash an

---

[1] The Honorable Michael A. Town presided.

[2] § 708-852. **Forgery in the second degree.** (1) A person commits the offense of forgery in the second degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status.
(2) Forgery in the second degree is a class C felony.

altered money order at a Wal-Mart store. Tanaka was convicted following a jury trial.

On appeal, Tanaka asserts that: (1) his conviction must be reversed because there was not substantial evidence that he knew that the money order had been altered[3] and (2) the circuit court "abused its discretion in denying the defense's motion for mistrial where the conduct of the State's witnesses in discussing their testimony constituted misconduct that deprived [him] of his right to a fair trial."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tanaka's points of error as follows:

(1) There was substantial evidence adduced at trial from which the jury could conclude that Tanaka knew that the money order he presented for cashing to a Wal-Mart cashier had been altered. As has been often expressed by Hawaii's appellate courts:

> [g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "[w]e have consistently held that ... proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient.... Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

---

[3] With regard to the *mens rea* element of the offense, the circuit court instructed the jury as follows:

> "Intent to defraud" means that the defendant either, A, intended to use deception to injure another person's interest which had value, in which case the required state of mind is intentionally, or, B, knew that he was facilitating an injury to another person's interest which had value, in which case the required state of mind is knowingly.

2

State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (citations omitted, brackets and ellipses in original). Moreover, "[t]he standard of review on appeal for sufficiency of the evidence is substantial evidence." State v. Stanley, 110 Hawai'i 116, 121, 129 P.3d 1144, 1149 (App. 2005). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (citation and internal quotation marks omitted).

In determining whether substantial evidence exists to support a conviction, we view the facts of this case "in the strongest light for the prosecution[.]" State v. Mason, 79 Hawai'i 175, 177, 900 P.2d 172, 180 (App. 1995) (citation and internal quotation marks omitted) (circumstantial evidence permitted inference of intent to defraud for purposes of forgery in the second degree conviction). At trial, there was substantial evidence that Tanaka knew the money order was altered. First and foremost, the money order itself was in evidence, which on its face appeared worn and bore red pen marks on the serial number. Moreover, the print on the money order, including the $900 amount, was faded and not very clear. The prosecution also presented the testimony of multiple witnesses regarding the various discrepancies that appeared on the money order at issue in the case as compared to that of an authentic money order. While these witnesses may have had more experience with money orders than Tanaka, this testimony was credible evidence with probative value tending to show that Tanaka knew the money order had been altered.

Further, the prosecution presented both testimonial and video evidence regarding Tanaka's suspicious behavior after presenting the money order to a Wal-Mart cashier. From the video, the jury was able to view for themselves whether Tanaka's conduct indicated that he knew the money order was altered. Moreover, the Wal-Mart cashier testified that Tanaka's behavior was "suspicious" and that he appeared agitated "like there's something bothering him." The arresting police officer testified that when he came to escort Tanaka to the police station, Tanaka appeared "nervous" and "angry" and that despite the cool temperature inside Wal-Mart, Tanaka was "sweating a lot."

Finally, even if the jury did not find the testimony of Tina Bouatic credible in all respects, her explanation of the circumstances under which she allegedly requested Tanaka's assistance regarding the money order provided additional basis for the jury to believe Tanaka knew the money order was altered. At a minimum, from Bouatic's testimony, Tanaka knew that Bouatic had not been able to previously cash the money order at Wal-Mart.

In sum, the testimony about the circumstances under which Tanaka had the money order, Tanaka's behavior immediately after presenting the altered money order to the Wal-Mart cashier, and the evidence of the money order itself showing visible alterations, was sufficient for a reasonable inference that Tanaka did know that the money order had been altered. We therefore conclude that there was substantial evidence supporting Tanaka's Forgery in the Second Degree conviction and the circuit court did not err in denying the defense's motion for judgment of acquittal.

(2) Tanaka asserts that the circuit court erred in denying his motion for mistrial because the conduct of the State's witnesses, in discussing their testimony outside of the courtroom, allegedly deprived Tanaka of the right to a fair

4

trial. We disagree. This court reviews a trial court's denial of a motion for mistrial under the abuse of discretion standard. State v. Nupeiset, 90 Hawai'i 175, 977 P.2d 183 (App. 1999) (trial court did not abuse its discretion in denying a defense motion for mistrial based on juror's acquaintance with murder victim's father). In the instant case, the defense orally moved for a mistrial after Tanaka's trial counsel observed two of the State's witnesses speaking to each other outside of the courtroom in the vicinity of several jurors. The two witnesses in question were: the Wal-Mart supervisor who initially referred the suspect money order to management; and Wal-Mart's lead loss prevention agent who was authorized to speak on behalf of Wal-Mart and testified that Wal-Mart did not give permission to Tanaka to falsely utter a forged commercial instrument. The loss prevention agent was not a percipient witness to the events in question and thus there was no danger of "tailoring" or "shaping" of testimony. However, the defense was particularly concerned that, during the conversation between the witnesses, the supervisor had described the money order as "altered" and the defense further questioned exactly what the jurors may have overheard.

In addressing the motion for mistrial, the circuit court screened the potentially affected jurors and they represented that they did not hear the witnesses' conversation. Moreover, the circuit court called back the two State's witnesses, who testified as to the subject and nature of their conversation. Given that one of the witnesses was not a percipient witness to the events in question, and further that Tanaka was not challenging that the money order was in fact altered, the circuit court determined that the conversation was "harmless." Accordingly, the circuit court denied the defense's

motion for mistrial. We conclude that the circuit court did not commit an abuse of discretion in declining to declare a mistrial.

Therefore,

IT IS HEREBY ORDERED that the October 6, 2009 judgment entered by the circuit court is affirmed.

DATED: Honolulu, Hawai'i, November 12, 2010.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

6